Thk OPINION OF THIS COURT was as follows:-It appears from the bill of exceptions that the general court set aside the judgment which it had rendered, because the notice given that the motion would be made for the judgment on the first day of the term, when it was not made until the second, because a sufficient number of judges did not meet to constitute a court on the first day. '
By the 29th section of the act to establish circuit courts (a), it is provided when a sufficient number of judges do not attend on the first day of any term of the general court to constitute a court, the court shall stand adjourned from day to day until a court is made, provi *29 de cl that happen before the fifth day of the term. The intention oi this provision was to guard against any unavoidable accident which might happen to the judges of that court, so as to prevent their attendance on the first day of the term, and that the business depending therein might be proceeded on as soon as a court was formed.
It is believed an idea never was entertained, but that the busines of the first, might be taken up and proceeded on by the court on the second day, where a court was not formed on the first day, If so, why should not this motion ? No sufficient reason can be discovered by the court, The defendant had been regularly and legally served with a copy of the notice : if he attended on the first day and found that a sufficient number of judges did not attend to constitute a court, he should have known the provision which the law had made, and waited the event. And if a court had been formed within the time provided, he might have made his defence, if he had any to make.
If a writ, or other process, was issued and made returnable to the third day of the court, and no court was formed until the fourth day, would the writ abate, or the bail for appearance be discharged ? Again, if a declaration in ejectment, together with a notice to the tenant in possession, had been delivered returnable to the third day of the term, no court formed until the fourth ? If the tenant, or any person for him, did not appear and make defence, could not the plaintiff take a common order and proceed with his suit, -Or must it abate ? There can be no doubt but that he could proceed.
The reasoning of this court in the case of M'Dowell vs. Machir (a), will apply in this case. It is there stated that “ when notice is given that a motion will be made on a particular day, unless it be prevented by unavoidable accidents, the motion should be made on that day, and either decided or continued to some subsequent day.” A sufficient number of judges to constitute a court not meeting on the first day, was an accident that the commonwealth, or other party litigant in that court, could not avoid, and the provision of the act before alluded to continued the proceedings in this as well as other cases.-Judgment reversed.*

 Aas of 1⅝02, ch. i, § |9> p- ⅜0,

 Spring term 1802, Pr. Dec. 168.

 In the cafe the Commonwealth vs. M'Hatton, at the fame time, the ficcilion was given.